UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIBRI PEAVY,

Plaintiff,

v.

ALLISON HALEY, et al.,

Defendants.

Case No. 25-cv-10218-WHO

**ORDER DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE**

Re: Dkt. Nos. 38, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 52

United States District Court
Northern District of California

Before me are many documents for review. Most pertinent is pro se plaintiff Ms. Jibri Peavy's amended complaint. *See* Dkt. No. 38. I first screened Ms. Peavy's complaint on February 6, 2026. *See* Prior Order [Dkt. No. 24]. In that initial screening, I held that Ms. Peavy failed to comply with Federal Rule of Civil Procedure 8 and that she had filed a lawsuit alleging causes of action that ran against principles of prosecutorial immunity and the *Rooker-Feldman* doctrine. *See id.* at 3. I dismissed her complaint with leave to amend within 30 days. *Id.* at 5.

That same day, the Court received a number of filings from Ms. Peavy, demonstrating that she had not seen the Prior Order before filing those documents. *See generally* Dkt. Nos. 25–35. I subsequently issued an Order Clarifying the Status of the Case and ordered Ms. Peavy to instead file any amended complaint by March 18, 2026. *See* Order Clarifying Status of Case [Dkt. No. 37]. I set a Case Management Conference for May 19, 2026. *See* Dkt. No. 41.

Ms. Peavy filed an amended complaint, and I now conduct a second *sua sponte* review. *See* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a case prosecuted by a litigant proceeding *in forma pauperis* if the court determines "at any time" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Ms. Peavy again fails to meet her burden to file a complaint that complies with the Federal Rules and it is clear that permitting her another

United States District Court
Northern District of California

opportunity to amend her complaint would be futile.  For the reasons explained below, Ms. Peavy's complaint is DISMISSED WITH PREJUDICE.[1]

**BACKGROUND**

In her amended complaint, Ms. Peavy somewhat clarifies the factual background leading to her instant case against the Napa County District Attorney's Office ("Napa DAO") and Allison Haley ("Haley"), the District Attorney of Napa County.  *See* Amended Complaint ("Am. Compl.") [Dkt. No. 38].  In brief, Ms. Peavy alleges that through an independent investigation, she discovered Haley's spouse was inappropriately sending notifications of his traffic violations to the Napa DAO instead of following the normal course.  *See* Am. Compl. 6–7.  At some point after making this discovery in early 2025, Haley and the Napa DAO initiated criminal proceedings against Ms. Peavy in Napa County Superior Court.[2]  Am. Compl. 6.  Ms. Peavy alleges that defendants mailed her a Notice to Appear for those proceedings to a "fictious address," despite knowing her true address.  *Id.*  Because she never appeared at the hearing, defendants obtained a bench warrant for Ms. Peavy's arrest.  *Id.*

On January 27, 2026, Ms. Peavy appeared in Napa County Superior Court.  Am. Compl. 7. No conviction was entered against her, and the case was placed into the court's Diversion process. *Id.*  The court ordered Ms. Peavy to complete eight hours of community service, which she wished to complete at the Napa Animal Shelter but which she ultimately completed at the Alameda County Community Food Bank.  Am. Compl. 7–8.  Ms. Peavy alleges that she completed 11.5 hours of community service, well over the required amount.  Am. Compl. 8.

She additionally raises (in support of her *Monell* claim alleging a pattern or practice of discrimination by defendants) a 2015 incident that occurred in Napa Valley in which several Black women alleged racial discrimination at a Napa County business as well as the 2018 verdict in *Rossi v. County of Napa*, a Napa County Superior Court discrimination case.  Am. Compl. 7–10.

---

[1] Ms. Peavy's additionally filed motions and documents construed as motions, *see* Dkt. Nos. 42, 45, 46, 48, 52, are rendered MOOT by this Order.

[2] It is unclear from the complaint whether Ms. Peavy alleges that these criminal proceedings were related to her alleged investigation in substance or whether she alleges the criminal proceedings were the result of a retaliation effort.

*See Rossi v. County of Napa et al.*, No. 2666881, 2018 WL 2398424 (Cal. Super. Feb. 28, 2018) (entering Judgment in favor of the Plaintiff and against Defendant).

Ms. Peavy brings three counts against defendants: (1) violation of her Fourteenth Amendment right to Due Process for failure to mail her Notice to Appear to the correct address, 42 U.S.C. § 1983; (2) violation of her Sixth Amendment right to counsel and a speedy trial for "maintaining a 'secret' docket through defective service", 42 U.S.C. § 1983; and (3) Prosecutorial Misconduct (*Monell*) for the "use of unreliable information and the failure to verify addresses . . .", 42 U.S.C. § 1983. Am. Compl. 11. She seeks four million dollars in compensatory, punitive, and *Monell* liability damages as well as a declaratory judgment that (1) the original November 2025 bench warrant was void and (2) her state-court ordered diversion community service requirement is complete. Am. Comp. 9–11. As I explained in the Prior Order, Ms. Peavy may not bring these claims against the defendants.

To state a claim under § 1983, a plaintiff must allege that defendants, while "acting under color of state law," caused a deprivation of her federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must establish both a causation-in-fact and a proximate (i.e. legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Causation allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The Supreme Court has long held that prosecutors are absolutely immune for "activities [that are] intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *cf. Botello v. Gammick*, 413 F.3d 971, 976 (2005) ("However, when prosecutors perform administrative or investigative functions, only qualified immunity is available. That is, the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.") (collecting cases demonstrating the difference between judicial, administrative, or investigative prosecutorial action).

United States District Court
Northern District of California

3

**DISCUSSION**

### I.    Failure to State a Claim

As an initial matter, Ms. Peavy has failed to state a claim that defendants deprived her of her Constitutional rights.  Each of her claims is rooted in her allegation that defendants wrongfully obtained a bench warrant because she failed to appear at her November 2025 hearing after defendants mailed her Notice to Appear to the incorrect address.  Am. Compl. 6.

Regarding her first cause of action, the Supreme Court has explained that an "elementary and fundamental requirement" of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 314 (1950).  "[W]hen the Government learns that its notice effort has not succeeded, this knowledge triggers an obligation on the Government's part to take additional reasonable steps to effect notice, if it is practicable to do so."  *United States v. Rivera-Valdes*, 157 F.4th 978, 981 (9th Cir. 2025).  Although Ms. Peavy has alleged in a conclusory statement that "[d]espite possessing Plaintiff's verified address, Defendant Haley personally authorized the use of a fictitious address in sworn affidavits to the court," she has not sufficiently alleged facts that demonstrate that the Government (1) learned that its attempt to provide notice was unsuccessful, or that (2) it failed to take reasonable steps to effect practicable notice.  She thus fails to state a claim for violation of due process as it relates to her address allegations.

Her second cause of action for violation of her Sixth Amendment right to counsel fares no better.  The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to have the Assistance of Counsel for his defence."  Const. Amend. VI.  The Sixth Amendment, however, is an offense specific right.  That means the "Sixth Amendment's right to counsel attaches upon the initiation of formal charges."  *United States v. Percy*, 250 F.3dd 720, 725 (9th Cir. 2001).  In her complaint, Ms. Peavy alleges that her case was moved to the Napa County Court's Diversion program.  It is unclear whether Ms. Peavy was ever charged for a crime, whether she entered Diversion as a condition of or prior to accepting a plea,

United States District Court
Northern District of California

4

whether she ever sought the assistance of counsel, or whether she was ever informed of her right to counsel.  She merely states, again in a conclusory fashion, that "Defendants prevented Plaintiff from exercising her right to an attorney and a prompt resolution of the charges" because they "maintain[ed] a 'secret' docket through defective service."  This conclusory allegation does not state a claim for violation of her Sixth Amendment rights.

Ms. Peavy's third claim for prosecutorial misconduct subject to *Monell* liability likewise fails.  "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  To establish liability for government entities under *Monell*, a plaintiff must prove: "(1) that [she] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."  *Plumeau v. Sc. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 422, 438 (9th Cir. 1997) (internal quotation marks and citation omitted).  Ms. Peavy's complaint lacks any factual support to sufficiently allege any of these prongs.  For the policy prongs, Ms. Peavy raises only the existence of the unrelated *Rossi* case and the incident of alleged racial discrimination against a Napa County business—neither of which are related to Ms. Peavy's instant case and the latter of which does not involve the Napa DAO in any way.  She cannot maintain a *Monell* claim against the Napa DAO.[3]

## II.   Prosecutorial Immunity

More fundamentally, Ms. Peavy's claims are barred by prosecutorial immunity.  To be sure, a prosecutor "isn't entitled to absolute immunity merely because of [her] status as a prosecutor."  *Torres v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015).  A court "must evaluate each act a . . . prosecutor took and determine whether the prosecutor was performing a function that's protected by absolute immunity."  *Id.*  Ms. Peavy challenges the bench warrant issued by the state court because of the prosecution's decision to mail a Notice to Appear to a defective address.

---

[3] Further, a *Monell* claim may only be raised against a government entity, so Ms. Peavy's *Monell* claim against Haley also fails.

United States District Court
Northern District of California

United States District Court
Northern District of California

"Whether a prosecutor's application for a warrant is protected by absolute immunity depends on the function the warrant serves." *Id.* In *Torres*, the Ninth Circuit reviewed the Supreme Court's decision in *Kalina v. Fletcher* in which the prosecutor "commenced a criminal proceeding against [the plaintiff] by filing three documents[:] . . . an information . . . a motion for an arrest warrant . . ." and a certification of probable cause that "summarized the evidence supporting the charge." *Id.* (quoting *Kalina v. Fletcher*, 522 U.S. 118, 120–21 (1997)). Because the prosecutor's actions were "the work of an advocate . . . integral to the initiation of the prosecution" insofar as the information and the motion for the arrest warrant were concerned, they were protected by absolute immunity. *Kalina*, 522 U.S. at 130. By the same logic and based on the scant facts raised in Ms. Peavy's complaint, defendants' application for a bench warrant in state court is protected by the same principles of prosecutorial immunity. This is true even if the application was sent to the incorrect address. Ms. Peavy may therefore not bring these claims against defendants.

Ms. Peavy has now filed multiple complaints attempting to state causes of action for relief in this case. *See* Dkt. Nos. 1, 5, 14, 26, 28, 38. Each has been unsuccessful. Allowing her continued leave to amend would be futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (1988) ("If the district court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, then . . . dismissal without leave to amend is proper." (internal quotation marks and citation omitted)). I therefore dismiss Ms. Peavy's complaint WITH PREJUDICE.[4]

**IT IS SO ORDERED.**[5]

Dated: April 29, 2026

William H. Orrick
United States District Judge

---

[4] I finally note that Ms. Peavy is possibly not totally without remedy. Should she continue to believe there were procedural or substantive errors with her state court case, she may wish to seek opportunities for appellate relief through the appropriate state court procedures.

[5] Ms. Peavy continues to have address issues in this court. *See* Dkt. Nos. 51, 53, 54, 55, 56, 57 (showing mail returned as undeliverable). The clerk is to mail a copy of the instant Order, the forthcoming Judgment, as well as all previous orders to the latest mailing address available on the docket.